**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL KENT,<br><br>    Plaintiff,<br><br>  v.<br><br>TABULA RASA HEALTHCARE, INC., MICHAEL PURCELL, BRIAN ADAMS, SAMIRA K. BECKWITH, DENNIS K. HELLING, RONALD MITCHELL, KATHRINE O'BRIEN, DEREK SCHRIER, JONATHAN SCHWARTZ, and PAMELA SCHWEITZER,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Tabula Rasa HealthCare, Inc. ("Tabula Rasa" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Nautic Partners, LLC ("Nautic").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2. On August 5, 2023, Tabula Rasa entered into an Agreement and Plan of Merger (the "Merger Agreement") with Locke Buyer, LLC ("Parent"), an affiliate of Nautic, and Parent's wholly owned subsidiary, Locke Merger Sub, Inc. The Merger Agreement provides that Tabula Rasa stockholders will receive $10.50 in cash per share of Company common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the September 29, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for October 31, 2023.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Tabula Rasa common stock.

10. Defendant Tabula Rasa is a Delaware corporation with its principal executive offices located at 228 Strawbridge Drive, Suite 100, Moorestown, New Jersey 08057. Tabula Rasa's shares trade on the Nasdaq Global Market under the ticker symbol "TRHC." Tabula Rasa is a healthcare technology company. Its proprietary technology, MedWise, identifies causes of and risks for medication-related problems including adverse drug events so that healthcare professionals can minimize harm and reduce medication-related risks. The Company operates through two segments: CareVention HealthCare and MedWise HealthCare. The CareVention HealthCare segment provides clients with medication fulfillment services, cloud-based software, pharmacy benefit management solutions and clinical pharmacist services

at the point-of-care. The MedWise HealthCare segment provides technology-enabled solutions to promote medication safety and adherence to improve patient outcomes and reduce healthcare costs.

11. Defendant Michael Purcell has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Brian Adams is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

13. Defendant Samira K. Beckwith is and has been a director of the Company at all times relevant hereto.

14. Defendant Dennis K. Helling is and has been a director of the Company at all times relevant hereto.

15. Defendant Ronald Mitchell is and has been a director of the Company at all times relevant hereto.

16. Defendant Kathrine O'Brien is and has been a director of the Company at all times relevant hereto.

17. Defendant Derek Schrier is and has been a director of the Company at all times relevant hereto.

18. Defendant Jonathan Schwartz is and has been a director of the Company at all times relevant hereto.

19. Defendant Pamela Schweitzer is and has been a director of the Company at all times relevant hereto.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

21. On August 7, 2023, the Company announced in relevant part:

MOORESTOWN, N.J., August 7, 2023 /PRNewswire/ -- Tabula Rasa HealthCare, Inc.® ("TRHC," "Tabula Rasa" or the "Company") (NASDAQ: TRHC), a leading healthcare company advancing personalized, comprehensive care for value-based care organizations, today announced it has entered into a definitive agreement (the "Agreement") to be acquired by Nautic Partners ("Nautic") for $10.50 in cash per share and will combine with ExactCare Pharmacy ("ExactCare"), a portfolio company of Nautic. The all-cash transaction values Tabula Rasa at approximately $570 million, including net debt of approximately $262 million, on an enterprise value basis.

Under the terms of the Agreement, Tabula Rasa stockholders will receive $10.50 in cash for each share of common stock at the closing of the transaction, representing a premium of approximately 34% to Tabula Rasa's closing stock price on August 4, 2023, the last trading day prior to announcement.

Following the closing of the transaction, John Figueroa, ExactCare's current Executive Chairman, will assume the role of Chairman and CEO of the combined company. Tabula Rasa will continue operations in all of its locations, including Moorestown, New Jersey, and Brian Adams, Tabula Rasa's current President and Chief Executive Officer, will assume the role of President of the combined company. The combination brings together two preeminent healthcare companies whose pioneering work integrating comprehensive pharmacy services into population health has improved outcomes and reduced total cost of care for people with complex needs allowing them to thrive in home and community-based settings. Additionally, Tabula Rasa's technology-enabled solutions that individualize care to reduce risk, optimize efficacy and improve efficiency will help to make the combined companies' products and solutions more readily extendable into larger adjacent markets. This includes beneficiaries served by the Program of All-Inclusive Care for the Elderly (PACE), Medicare and Medicaid.

Mr. Adams commented: "Over the past year, Tabula Rasa has focused on developing and expanding partnerships with risk-bearing healthcare organizations responsible for serving people with the most complex care needs. This transaction leverages ExactCare's extensive experience partnering with providers and payers across the healthcare continuum and brings us together with a company whose culture, values and focus on optimizing patient care are aligned with our mission at Tabula Rasa. We look forward to bringing our teams

and solutions together to expand how we partner with payers and providers to improve patient care."

Michael Purcell, Independent Board Chairman of Tabula Rasa, added: "The Board has worked closely with Brian and the team to position Tabula Rasa for value enhancing opportunities since its reconstitution in 2022. This transaction now provides our stockholders with a significant premium and liquidity – while also accelerating our investments in solutions that transform patient quality of life and improve the performance of our payer and provider clients."

Mr. Figueroa said: "Tabula Rasa has deep expertise managing care for the most vulnerable patients in our healthcare system and driving meaningful clinical and financial outcomes for the payers and providers that care for those patients. Combined with ExactCare's comprehensive long-term pharmacy care services that have served hundreds of thousands of people across the country, we will be even better positioned to put patients first to improve their health and wellness."

Marty Butler, President and Chief Financial Officer of ExactCare, concluded: "We see broad strategic alignment between Tabula Rasa and ExactCare. Our organizations provide unique but complementary solutions to address the healthcare challenges experienced by at-risk populations through innovative pharmacy and medication-related services. This partnership enables us to leverage each organization's strengths to enhance the value we deliver to our patients and partners."

**Transaction Approvals and Timing**

The Board of Directors (the "Board") of Tabula Rasa has unanimously approved the transaction. Additionally, Indaba Capital Management, L.P. ("Indaba"), the Company's largest stockholder with an approximately 25% equity stake, has entered into a voting and support agreement pursuant to which it has agreed to vote its shares of common stock in favor of the transaction as set forth therein.

The transaction is expected to close during the fourth quarter of 2023, subject to the satisfaction of customary closing conditions, including the receipt of stockholder and regulatory approvals. Following the closing of the transaction, Tabula Rasa will become a privately held company wholly owned by an affiliate of ExactCare and shares of Tabula Rasa common stock will no longer be listed on the Nasdaq stock exchange.

**Advisors**

Goldman Sachs & Co. LLC is acting as exclusive financial advisor to the Company and Cravath, Swaine & Moore LLP acted as the Company's legal

advisor.  Morgan, Lewis and Bockius LLP represented the management team of TRHC for this transaction.

Cantor Fitzgerald & Co. is acting as lead financial advisor and Centerview Partners is also acting as financial advisor to ExactCare and Nautic.  Kirkland & Ellis LLP is acting as their legal advisor.

**The Materially Incomplete and Misleading Proxy Statement**

22.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 29, 2023  The Proxy Statement, which recommends that Tabula Rasa stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by financial advisor Goldman Sachs & Co. LLC ("Goldman Sachs"); (c) relevant events critical to the consummation of the Proposed Transaction; and (d) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

23.     The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the line items underlying Adjusted EBITDA (excluding Stock-Based Compensation) and Unlevered Free Cash Flow, each with respect to Tabula Rasa's Base Management Case and Upside Management Case projections

*Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Goldman Sachs*

24.     The Proxy Statement fails to disclose material information concerning the financial analyses prepared by Goldman Sachs.

25.     With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose: (a) the terminal year estimate of Tabula

Rasa's unlevered free cash flow used to derive its terminal values; (b) the Company's terminal values; (c) the Company's estimated net debt as of June 30, 2023; and (d) the Company's fully diluted outstanding shares.

26. With respect to the *Selected Transactions Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose the respective, individual financial metrics for each of the transactions selected and analyzed by the financial advisor.

27. With respect to the *Premia Paid Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose the transactions analyzed and their respective, observed premia.

*Material Misrepresentations and/or Omissions Concerning Relevant Events Critical to the Consummation of the Proposed Transaction*

28. The Proxy Statement fails to disclose material information concerning the terms of the confidentiality agreement into which the Company entered with an interested party during the go-shop period, including whether that agreement contains a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding the interested party from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

29. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders, including the details of any employment and retention-related discussions and negotiations that occurred between Nautic and Tabula Rasa's executive officers. This omitted material information includes all those who participated in any such communications, when they occurred and their content.

30. The Proxy Statement also fails to disclose whether any of Nautic's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

31. The omission of the above-referenced information renders statements in the "Certain Financial Forecasts," "Opinion of the Company's Financial Advisor," "Background of the Merger" and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

32. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Tabula Rasa**

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Tabula Rasa is liable as the issuer of these statements.

35.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42.     The Individual Defendants acted as controlling persons of Tabula Rasa within

the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Tabula Rasa and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange

Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

    A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

    B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

    C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

    D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E.    Granting such other relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 6, 2023  **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*